Stanley J. Peacock v. Travelers Property Casualty Insurance Company
















IN THE
TENTH COURT OF APPEALS
 

No. 10-99-301-CV
No. 10-00-037-CV

     STANLEY J. PEACOCK,
                                                                         Appellant
     v.

     TRAVELERS PROPERTY
     CASUALTY INSURANCE COMPANY,
                                                                         Appellee
 

From the County Court at Law No. 2
Dallas County, Texas
Trial Court # 98-4047-A
                                                                                                                
                                                                                                            
MEMORANDUM OPINION
                                                                                                                
   
      Stanley Peacock filed suit pro se against Travelers Property Casualty Insurance Company
(“Travelers”) in a Dallas County court. Peacock’s suit alleged breach of an insurance
contract, DTPA violations, and unfair claims settlement practices. On Travelers’ motion, the
trial court ordered that Peacock’s contract claim be tried separately from his extra-contractual
claims. A jury returned a verdict favorable to Travelers on the contract claim. The court
signed a judgment in accordance with the verdict on July 9, 1999. Peacock filed a notice of
appeal from this interlocutory judgment with the County Clerk of Dallas County on August 9,
following the denial of his motion for new trial.
      On September 13, the Supreme Court ordered the transfer to this Court of the “next 25
cases . . . filed in the Court of Appeals for the Fifth Court of Appeals District, Dallas,
Texas, on or after September 1, 1999.” Transfer of Cases from Courts of Appeals, Misc.
Docket No. 99-9151 (Tex. Sept. 13, 1999) (order transferring cases among intermediate
appellate courts for docket equalization purposes); see also Tex. Gov’t Code Ann. § 73.001
(Vernon 1998). Pursuant to the Supreme Court’s order, the Dallas Court transferred
Peacock’s case to this Court on October 1. We docketed Peacock’s case under cause number
10-99-301-CV.
      The trial court signed a summary judgment in favor of Travelers on Peacock’s extra-contractual claims on November 18. Peacock filed a notice of appeal from the summary
judgment with the county clerk on January 15, 2000, after the court denied his motion for new
trial. See Tex. R. App. P. 25.1(a). In an effort to comply with Rule of Appellate Procedure
25.1(e), Peacock filed a copy of his notice of appeal with the Clerk of this Court because he
deems his second appeal “an extension of the original” appeal. Id. 25.1(e). We docketed this
appeal under cause number 10-00-037-CV.
      Because Peacock’s “second appeal” arose after the Supreme Court’s transfer order and
concerns a Dallas County judgment, we questioned our jurisdiction and advised the parties by
letter dated February 18 that we may dismiss the appeal for want of jurisdiction if no response
were filed showing grounds for continuing the appeal. Id. 42.3(a). Travelers responded with
a motion to consolidate or dismiss the second appeal because Peacock’s original notice of
appeal was premature and should be considered filed as of the date of the “final” judgment in
the underlying cause, November 18. Id. 27.1(a). Peacock “is not protesting where this
Appeal should be filed as long as he has enough time to prepare it.”
CAUSE NO. 10-99-301-CV
      According to Rule of Appellate Procedure 27.1(a), in civil cases “a prematurely filed
notice of appeal is effective and deemed filed on the day of, but after, the event that begins the
period for perfecting the appeal.” Id. Applying this rule to Peacock’s first notice of appeal,
we conclude that such notice of appeal was not effective or deemed to have been filed until
November 18. Because the notice of appeal was not effectively filed until November 18,
Peacock’s case was not among the “next 25 cases . . . filed in the Court of Appeals for
the Fifth Court of Appeals District, Dallas, Texas, on or after September 1, 1999,” which the
Supreme Court ordered transferred to this Court.
      Article V, section 6 of the Texas Constitution provides that the civil jurisdiction of this
Court extends to “all cases of which the District Courts or County Courts have original or
appellate jurisdiction, under such restrictions and regulations as may be prescribed by law.” 
Tex. Const. art. V, § 6. The legislature has prescribed that this Court has “appellate
jurisdiction of all civil cases within its district.” Tex. Gov’t Code Ann. § 22.220(a) (Vernon
1988). The trial courts of Dallas County do not fall within the Tenth District. See id. §
2.201(f), (k) (Vernon 1988). 
      Because Peacock’s “first appeal” docketed in this Court under Cause No. 10-99-301-CV
was not among the “next 25 cases . . . filed in the Court of Appeals for the Fifth Court
of Appeals District, Dallas, Texas, on or after September 1, 1999,” which the Supreme Court
ordered transferred to this Court and did not arise from a trial court within the Tenth District,
we do not have jurisdiction over such appeal.
CAUSE NO. 10-00-037-CV
      Peacock filed his second notice of appeal with the county clerk on January 15. Thus, his
“second appeal” was not among the “next 25 cases . . . filed in the Court of Appeals for
the Fifth Court of Appeals District, Dallas, Texas, on or after September 1, 1999,” which the
Supreme Court ordered transferred to this Court, nor did it arise from a trial court within the
Tenth District. Accordingly, we do not have jurisdiction over Peacock’s second appeal
docketed in this Court under Cause No. 10-00-037-CV.
CONCLUSION
      By filing his notices of appeal with the county clerk, Peacock may have invoked the
appellate jurisdiction of the Fifth Court of Appeals. See Tex. R. App. P. 25.1(b); Tex. Gov’t
Code Ann. § 22.201(f). Therefore, we shall promptly forward Peacock’s files to the Fifth
Court of Appeals, so it can determine whether and how it wishes to proceed with Peacock’s
case.



      For these reasons, we dismiss Peacock’s appeals docketed in this Court under Cause Nos.
10-99-301-CV and 10-00-037-CV for want of jurisdiction.
 
                                                                   REX D. DAVIS
                                                                   Chief Justice

Before Chief Justice Davis
      Justice Vance and
      Justice Gray
      Justice Gray (Concurring opinion)
Appeal dismissed for want of jurisdiction
Opinion issued and filed March 29, 2000
Publish